FILED

1  SCHLICHTER & SHONACK, LLP
   KURT ANDREW SCHLICHTER (CA SBN 172385)
2  STEVEN C. SHONACK (CA SBN 173395)
   MARY E. NEIFERT (CA SBN 237062)
3  3601 Aviation Boulevard, Suite 2700
   Manhattan Beach, CA 90266
4  Telephone: (310) 643-0111
   Fax: (310) 643-1638
5  kas@sandsattorneys.com

6  Attorneys for Plaintiffs CarMax Auto
   Superstores West Coast, Inc., CarMax
7  Auto Superstores California, LLC,
   and CarMax Business Services, LLC

10 OCT 27  PM 3: 03

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
L S ANGELES

BY:_____

8

9              **UNITED STATES DISTRICT COURT**

10        **FOR THE CENTRAL DISTRICT OF CALIFORNIA –**

11                     **WESTERN DIVISION**

12

| | |
|---|---|
| 13  CARMAX AUTO SUPERSTORES | ) Case No. |
| 14  WEST COAST, INC., a California | ) CV10 8097 PA (JEMx) |
|     corporation, | ) |
| 15  CARMAX AUTO SUPERSTORES | ) COMPLAINT FOR DAMAGES: |
| 16  CALIFORNIA, LLC, a Virginia | ) |
|     corporation, and | ) 1.  TRADEMARK |
| 17  CARMAX BUSINESS SERVICES | )     INFRINGEMENT; |
| 18  LLC, a Delaware limited liability | ) 2.  TRADE DRESS |
|     company, | )     INFRINGEMENT; |
| 19 | ) 3.  FEDERAL TRADEMARK |
| 20       Plaintiffs, | )     DILUTION; |
| 21 | ) 4.  UNFAIR COMPETITION |
|          v. | ) |
| 22 | ) |
| 23  AUTOMAX CORPORATION, a | ) DEMAND FOR TRIAL BY JURY |
|     California corporation, and | ) |
| 24  MICHAEL F. KHOUNANI, an | ) |
|     individual, | ) |
| 25 | ) |
| 26       Defendants. | ) |
| 27  _____ | ) |

28

**COMPLAINT**

1   Plaintiffs CarMax Auto Superstores West Coast, Inc., and CarMax Auto
2   Superstores California, LLC (collectively "CarMax") and CarMax Business
3   Services, LLC ("CBS, LLC") (collectively "Plaintiffs") by counsel, hereby file
4   their Complaint against Defendants AutoMax Corporation ("AutoMax") and
5   Michael F. Khounani ("Khounani") (collectively "Defendants").  Plaintiffs
6   respectfully allege as follows:

## SUBJECT MATTER JURISDICTION

1.   This is an action for trademark infringement, trademark dilution, trade
dress infringement, and unfair competition arising under the Lanham Act, 15
U.S.C. §§ 1051 et seq.

2.   This Court has original jurisdiction over this civil action pursuant to
28 U.S.C. § 1338(a) because the action arises under an Act of Congress relating to
trademarks.  This Court has original jurisdiction over this civil action pursuant to
28 U.S.C. § 1338(b) because the action asserts a claim of unfair competition
joined with a substantial and related claim under the trademark laws.  This Court
has original jurisdiction over this civil action pursuant to 15 U.S.C. § 1121
because the action arises under 15 U.S.C. ch. 22.  This Court has original
jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because the action
arises under the laws of the United States.

## PERSONAL JURISDICTION

3.   Personal jurisdiction over Defendants is proper because Defendants
regularly conduct business in this judicial district as set forth below.

## VENUE

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' principal place of business is within this judicial district, Defendants conduct substantial business activities within this district, and the acts complained of were committed by Defendants in this district.

## PARTIES

5.    Plaintiff CarMax Auto Superstores West Coast, Inc., is a California corporation with its principal place of business at 12800 Tuckahoe Creek Parkway, Richmond, Virginia 23238. Plaintiff CarMax Auto Superstores California, LLC, is a California limited liability company with its principal place of business at 12800 Tuckahoe Creek Parkway, Richmond, Virginia 23238, and is wholly owned by CarMax Auto Superstores West Coast, Inc. For ease of reference, CarMax Auto Superstores West Coast, Inc. and CarMax Auto Superstores California, LLC, are collectively referred to herein as "CarMax." At all times relevant to this complaint, CarMax was present and doing business within this judicial district.

6.    Plaintiff CBS, LLC, is a Delaware limited liability company, with its principal place of business at 12800 Tuckahoe Creek Parkway, Richmond, Virginia 23238. At all times relevant to this complaint, CBS, LLC, was present and doing business within this judicial district.

7.    On information and belief, Defendant AutoMax is a corporation organized under the laws of the State of California with its principal place of business at 16211 Lakewood Boulevard, Bellflower, California. On information and belief, AutoMax is a used-car dealership that transacts business under the name "AutoMax."

8.     On information and belief, Defendant Khounani is a natural person present and doing business in this judicial district.  On information and belief, defendant Khounani is an owner or principal of defendant AutoMax and transacts business in this judicial district under the name "AutoMax."

9.     Plaintiffs are informed and believe and thereon allege that each defendant was and is an agent, employee, officer, partner, owner, successor in interest or transferee of each of the remaining defendants and was at all times described herein acting within the purpose and scope of such capacity with the actual and/or implied knowledge, permission and/or consent of each of them, and that each defendant approved and ratified the wrongful conduct of such defendant who engaged in said conduct.

10.    Plaintiffs are informed and believe and thereon allege that each and every defendant, and all of them, are responsible in some manner or capacity for the injuries suffered by plaintiffs, and that plaintiffs' damages herein were proximately caused by said defendants, and each of them.

## FACTS APPLICABLE TO ALL CLAIMS

11.    CarMax, including its affiliates and subsidiaries, is the nation's leading specialty retailer of used cars, operating 103 superstores in 49 markets throughout the United States.

12.    CarMax operates numerous repair shops throughout the United States, which are co-located with its superstores.

13.    CarMax operates thirteen (13) superstores in California, seven (7) of which are in the Central District.

14.    Through its superstores, CarMax offers the sale and lease of new and used vehicles, repair and maintenance services pertaining to vehicles, warranty services pertaining to vehicles, and other vehicle-related goods and services.

15.     The products marketed by CarMax are distributed throughout the United States through the stream of interstate commerce.

16.     CBS, LLC, owns the intellectual property for CarMax, including the rights to various CARMAX marks that have been in continuous use since 1993 in connection with the goods and services provided by CarMax.

17.     CBS, LLC, is the title owner of U.S. Service Mark Registration Nos. 1,941,353 and 1,959,875, which are incontestable, for the marks CARMAX for use in connection with "retail outlets featuring automobiles and trucks." See Exhibits A and B.

18.     CBS, LLC, is the title owner of more than 30 additional federally registered marks in the CarMax family of marks, each of which contains the word CARMAX and is used for services related to the sale and lease of new and used vehicles, repair and maintenance services pertaining to vehicles, warranty services pertaining to vehicles, and other related goods and services.  See Exhibit C.

19.     CarMax is one of the licensees of the CARMAX marks.

20.     The various CARMAX marks have been used in television and radio commercials, in print advertisements, on the Internet, and in numerous signs, banners, and promotional materials at CarMax locations.

21.     The CARMAX marks use a blue, yellow, and white color scheme wherein CarMax uses yellow lettering for the word "Car" and white lettering for the word "Max" on a blue background.

22.     CarMax has invested great time, effort, and resources in the development of a distinctive and well known series of trademarks, service marks, and trade dress—all associated with a reputation for quality used cars at a "no haggle" price—such that its unique goods and services have become widely recognized as emanating from CarMax and as maintaining only the highest quality standards.

23.    In their operation of AutoMax, Defendants are selling automobile goods and services that are virtually identical to those of CarMax.

24.    Defendants are selling automobile goods and services under the name "AutoMax." Specifically, Defendants have registered their business as "AutoMax Corp.," were awarded an automobile dealer's license under that name, and are posting sales advertisements on various websites using the name "AutoMax." See Exhibits D and E.

25.    These advertisements, as well as Defendants' store signage, utilize the same font, capitalization scheme, and yellow, white and blue color scheme as the CARMAX marks. Specifically, Defendants' store signage uses yellow lettering for the word "Auto" and white lettering for the word "Max" on a blue background. This use of the AutoMax name and color scheme violates federal, state, and common law regarding trademark infringement, trade dress infringement, dilution, and unfair competition.

26.    This use of the AutoMax mark with similar font, capitalization, and color scheme is identical to and confusingly similar to CarMax's uses of the CARMAX family of marks. See Exhibit F.

27.    Defendants do not have license or permission from CarMax to use the CARMAX marks.

28.    There is a substantial likelihood that consumers will be confused as to the source of the goods and services that Defendants market under the infringing mark.

29.    Further, there is a substantial likelihood that consumers will purchase Defendants' goods or services believing that they are CarMax's goods or services.

30.    On learning that Defendants were using a mark confusingly similar and virtually identical to the CARMAX marks, CarMax put Defendants on notice of their infringing behavior and demanded that they cease. See Exhibit G, Letter from James W. Hess to Michael F. Khounani on June 16, 2010. Plaintiffs again

1  notified Defendants of their infringing behavior on July 29, 2010. See Exhibit H,
2  Letter from James W. Hess to Michael F. Khounani on July 29, 2010.

3      31.   To date, Defendants have refused to cease use of CarMax's federally
4  registered marks or even respond to CarMax's letters.

5      32.   As the result of Defendants' failure to cease use of CarMax's
6  federally registered marks, Plaintiffs were thus forced to file the instant suit.

7

8                              **FIRST CLAIM**
9                    **FOR TRADEMARK INFRINGEMENT**
10                      **(AGAINST ALL DEFENDANTS)**

11

12     33.   Plaintiffs repeat and reallege, as if fully set forth herein, each and
13  every allegation contained in the foregoing paragraphs.

14     34.   This claim arises under 15 U.S.C. § 1114 for willful and deliberate
15  infringement of the federally registered CARMAX marks.

16     35.   The CARMAX marks are valid, protectable, and enforceable marks.
17  CarMax has used these federally registered marks continuously and in good faith,
18  in connection with the sale and lease of new and used vehicles, with repair and
19  maintenance services pertaining to vehicles, with warranty services pertaining to
20  vehicles, and with other related goods and services, since prior to Defendants' use
21  of the "AutoMax" name in connection with similar and related goods and services.

22     36.   Registration Nos. 1,941,353; 1,954,468; 1,974,856; 2,001,858;
23  2,032,449; 1,959,875; and 1,948,397, for the CARMAX mark, are incontestable
24  pursuant to 15 U.S.C. §§ 1065, 1115(b).

25     37.   By reason of CarMax's continuous use and promotion of the
26  CARMAX marks, as well as the distinctiveness of those marks, consumers
27  associate the CARMAX marks with CarMax as the single source or sponsor of its
28  goods and services.

38.   Defendants are using the AutoMax name in connection with goods and services that are virtually identical to those offered by CarMax in connection with its federally registered marks.

39.   Defendants' use of the CARMAX mark creates a likelihood of confusion, mistake, or deception among consumers, between Defendants' goods and services and those offered by CarMax in connection with its federally registered marks.

40.   Defendants knew or should have known, by the exercise of reasonable care, that use of the CARMAX mark in connection with automobile sales, and with other related goods and services, would cause confusion, mistake, or deception among the public consumers of those services.

41.   On information and belief, Defendants knew of CarMax's prior use of its federally registered marks and intended to induce and did induce, and intend to induce and will induce, consumers to purchase Defendants' goods and services by trading off the extensive goodwill built up by CarMax in its federally registered marks.

42.   To date, Defendants have not ceased use of the AutoMax name with the same font, capitalization scheme, and blue, white and yellow coloring scheme as the CARMAX marks, in violation of CarMax's legitimate and conclusive rights to the exclusive use of the CARMAX marks.

43.   Defendants' wrongful acts alleged herein violate Plaintiffs' rights under section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a), and, on information and belief, have been deliberate, willful, and in disregard of Plaintiffs' rights.

44.   Defendants' wrongful acts alleged herein have permitted and/or will permit Defendants to earn substantial revenues and profits on the strength of CarMax's extensive advertising, consumer recognition, and goodwill.

45.   By reason of Defendants' wrongful acts alleged herein, CarMax has suffered and is continuing to suffer damage to its business, trade, reputation, and

**COMPLAINT**

goodwill as a result of the erroneous perception that the goods and services of Defendants are affiliated with, sponsored by, approved by, or originate from CarMax, in an amount to be proven at trial but in no event less than $1,000,000.

46. As a result of Defendants' wrongful acts alleged herein, Plaintiffs have suffered and are continuing to suffer irreparable injury. Plaintiffs cannot be adequately compensated for these injuries by damages alone, and Plaintiffs have no adequate remedy at law for Defendants' infringement of their rights.

47. On information and belief, unless Defendants are restrained by this Court, Defendants will continue to infringe upon Plaintiffs' exclusive use of the CARMAX marks, thus engendering a multiplicity of judicial proceedings, and will cause Plaintiffs great and irreparable injury for which damages would not afford Plaintiffs adequate relief for the damage to its marks in the public perception.

48. Due to the exceptional nature of Defendants' conduct, including without limitation Defendants' willful, knowing and intentional violation of Plaintiffs' exclusive rights, Plaintiffs are entitled to recover attorney's fees in this action.

## SECOND CLAIM
### FOR TRADE DRESS INFRINGEMENT
### (AGAINST ALL DEFENDANTS)

49. Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the foregoing paragraphs.

50. This claim arises under 15 U.S.C § 1125(a) for willful and deliberate infringement of CarMax's trade dress. This claim also arises under common law.

51. The CarMax trade dress is nonfunctional, inherently distinctive, and has acquired secondary meaning. The public associates the CarMax trade dress with CarMax's goods and services.

9

**COMPLAINT**

52.     In its operation of AutoMax, Defendants are selling automobile goods and services that are virtually identical to those of CarMax.

53.     Defendants are selling automobile goods and services under the name AutoMax and have incorporated the same font, capitalization scheme, and yellow, white and blue coloring scheme as CarMax.  The use of the AutoMax name and of this trade dress is identical to or confusingly similar to the uses of the CARMAX family of marks and the CarMax trade dress.

54.     Defendants do not have license or permission from CarMax to use the CARMAX marks or the CarMax trade dress.

55.     There is a substantial likelihood that consumers will be confused as to the source of the goods and services that Defendants market under the AutoMax name and the Defendants' trade dress.

56.     Further, there is substantial likelihood that consumers will purchase Defendants' goods or services believing that they are CarMax goods and services.

57.     Defendants knew or should have known, by the exercise of reasonable care, that use of the CarMax trade dress in connection with the sale and lease of new and used vehicles, with repair and maintenance services pertaining to vehicles, with warranty services pertaining to vehicles, and with other related goods and services, would cause confusion, mistake, or deception among purchasers of automobiles and automobile-related goods and services, as well as the general public.

58.     To date, Defendants have not ceased use of the CarMax trade dress, in violation of CarMax's legitimate and conclusive rights to the exclusive use of the CarMax trade dress.

59.     Defendants' wrongful acts alleged herein violate CarMax's rights under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60.     Defendants' wrongful acts alleged herein violate CarMax's rights protected by the common law.

61.    Defendants' wrongful acts alleged herein have permitted or will permit Defendants' to earn substantial revenues and profits on the strength of CarMax's extensive advertising, consumer recognition, and goodwill.

62.    By reason of Defendants' wrongful acts alleged herein, CarMax has suffered and is continuing to suffer damages to its business, trade, reputation, and goodwill as a result of the erroneous perception that the goods and services of Defendants are affiliated with, sponsored by, approved by, or originate from CarMax, in an amount to be proven at trial but in no event less than $1,000,000.

63.    As a result of Defendants' wrongful acts alleged herein, CarMax has suffered and is continuing to suffer irreparable injury.  CarMax cannot be adequately compensated for these injuries by damages alone, and CarMax has no adequate remedy at law for Defendants' infringement of its rights.

64.    On information and belief, unless Defendants are restrained by this Court, Defendants will continue to wrongfully use and appropriate Plaintiffs' trade dress, thus engendering a multiplicity of judicial proceedings, and will cause Plaintiffs great and irreparable injury for which damages would not afford Plaintiffs adequate relief for the damage to its trade dress in the public perception.

65.    Due to the exceptional nature of Defendants' conduct, including without limitation Defendants' willful, knowing and intentional violation of Plaintiffs' exclusive rights, plaintiffs are entitled to recover attorney's fees in this action.

## THIRD CLAIM

### FOR FEDERAL TRADEMARK DILUTION

### (AGAINST ALL DEFENDANTS)

66.    Plaintiffs repeat and reallege, as if fully set forth herein, each and every allegation contained in the foregoing paragraphs.

67.   This cause of action arises under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

68.   Plaintiffs use the CARMAX marks in commerce.

69.   The CARMAX marks are distinctive and famous within the meaning of 15 U.S.C. § 1125(c).

70.   Defendants' commercial use of the AutoMax trade name began after the CARMAX marks and name had become famous.

71.   Defendants' name "AutoMax" and use of the same font, capitalization scheme, and yellow, white and blue coloring scheme is substantially similar to, and includes identical elements of, the federally registered CARMAX marks.

72.   Defendants' wrongful acts alleged herein dilute the distinctive quality of CarMax's goods and services and lessen the capacity of the CARMAX marks to identify and distinguish CarMax's goods and services from those of Defendants and others, in violation of 15 U.S.C. §§ 1125(c), 1127.

73.   Defendants' wrongful acts alleged herein dilute the distinctive quality of CarMax's goods and services, thereby lessening the capacity of the CARMAX marks to identify and distinguish CarMax's goods and services from those of Defendants, and tarnishing CarMax's reputation and goodwill through the provision of inferior goods and services by Defendants, in violation of 15 U.S.C. §§ 1125(c), 1127.

74.   Defendants' wrongful acts also create a likelihood of dilution of the CARMAX marks.

75.   CarMax has been and will continue to be damaged by Defendants' wrongful acts, suffering damage to its business, trade, reputation, and goodwill, in an amount to be proven at trial but in no event less than $1,000,000.

76.   The goodwill of CarMax's business is of enormous value, and CarMax will suffer irreparable harm should Defendants' wrongful acts be

1  permitted to continue to the detriment of CarMax's business, trade, reputation, and
2  goodwill.

3      77.    On information and belief, unless Defendants are restrained by this
4  Court, Defendants will continue to wrongfully use and appropriate Plaintiffs' trade
5  dress, thus engendering a multiplicity of judicial proceedings, and will cause
6  Plaintiffs great and irreparable injury for which damages would not afford
7  Plaintiffs adequate relief for the damage to its trade dress in the public perception.

8      78.    Due to the exceptional nature of Defendants' conduct, including
9  without limitation Defendants' willful, knowing and intentional violation of
10 Plaintiffs' exclusive rights, plaintiffs are entitled to recover attorney's fees in this
11 action.

12

13                        **FOURTH CLAIM**
14                   **FOR UNFAIR COMPETITION**
15                   **(AGAINST ALL DEFENDANTS)**

16

17     79.    Plaintiffs repeat and reallege, as if fully set forth herein, each and
18 every allegation contained in the foregoing paragraphs.

19     80.    This claim arises under the Lanham Act, 15 U.S.C. § 1125(a), for
20 willful and deliberate unfair competition, including false designation of origin and
21 palming off.

22     81.    Having constructive, if not actual, knowledge of the prior use of the
23 CARMAX marks, Defendants continue to use the AutoMax trade name and
24 yellow, white and blue coloring scheme with similar font and capitalization
25 scheme in interstate commerce in connection with goods and services that are
26 identical, similar and/or related to those goods and services offered by CarMax,
27 which tends to falsely describe and represent a false designation of origin with

28

1   CarMax, and which tends to palm off AutoMax's goods and services as affiliated

2   with, sponsored by, approved by, or originating from CarMax.

3       82.    The CARMAX marks are valid and enforceable, and have attained

4   secondary meaning such that consumers identify them as originating from

5   CarMax.

6       83.    Defendants' use of the AutoMax trade name and yellow, white, and

7   blue coloring scheme with similar font and capitalization scheme creates a

8   likelihood of confusion in the minds of consumers with CarMax's CARMAX

9   marks.

10      84.    Defendants' wrongful acts alleged herein constitute unfair

11  competition, and CarMax has been and will continue to be damaged by such unfair

12  competition, suffering damage to its business, trade, reputation, and goodwill.

13      85.    Defendants' use of the AutoMax trade name, especially in

14  conjunction with the CarMax trade dress, demonstrates AutoMax's intent both to

15  palm off its goods and services as affiliated with, sponsored by, approved by, or

16  originating from CarMax, and to trade off the goodwill that CarMax has

17  established in the use of its marks in connection with its goods and services.

18      86.    The goodwill of CarMax's business is of enormous value, and

19  CarMax will suffer irreparable harm should AutoMax's unfair competition be

20  allowed to continue to the detriment of CarMax's business, trade, reputation, and

21  goodwill.

22      87.    AutoMax's unfair competition, false designation or origin, and

23  palming off, on information and belief, have been willful, deliberate, and

24  intentional.  On information and belief, unless Defendants are restrained by this

25  Court, Defendants will continue to willfully, deliberately and intentionally engage

26  in the acts of unfair competition, false designation of origin, and palming off as

27  alleged herein, thus engendering a multiplicity of judicial proceedings, and will

28  cause Plaintiffs great and irreparable injury for which damages would not afford

Plaintiffs adequate relief for the damage to its marks and trade dress in the public perception.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that the Court award the following relief:

1.  A temporary restraining order and a permanent injunction against Defendants as follows:

    (i)   Enjoining Defendants from further commercial use of the CARMAX marks, either alone or in combination with other words, names, or symbols; on or in connection with the sale, offer for sale, advertising, and rendering of transportation services or any other related services, including, but not limited to the use of AutoMax;

    (ii)  Enjoining Defendants from performing or committing any other acts falsely representing Defendants' goods or services, or which are likely to cause confusion or mistake in the mind of the purchasing public, or lead to purchasers or the trade to believe that Defendants' services or products come from or are the services or products of Plaintiffs, or are somehow sponsored by, associated with, affiliated with, or connected with Plaintiffs, or that there is some relation, association, affiliation, or connection between CarMax and the Defendants, or to cause dilution of any form of the CARMAX marks;

    (iii) Enjoining Defendants from passing off, or inducing or enabling others to sell or pass off, Defendants' services or products as those of Plaintiffs;

**COMPLAINT**

   (iv) Enjoining Defendants from otherwise unfairly competing with Plaintiffs, and from any other acts which discourage, dilute, or destroy the public's recognition of the CARMAX marks; and

   (v) Enjoining Defendants to remove all signage, markings, or advertising bearing the AutoMax name, or any name or mark that is substantially or confusingly similar to that owned or registered by Plaintiffs, from the Bellflower property;

2. An order from this Court, upon final judgment in favor of Plaintiffs:

   (i) Ordering Defendants to immediately withdraw their business name "AutoMax"; and

   (ii) Ordering Defendants to immediately disconnect, assign, or transfer all phone numbers with an AutoMax directory listing to Plaintiffs; and

   (iii) Ordering Defendants to immediately discontinue operation of and assign or transfer to Plaintiffs all websites and domain names using or infringing upon the CARMAX mark.

3. Issuance of a Writ to the United States Marshal that directs the Marshal to seize and impound all of Defendants' advertising materials used to infringe the CARMAX marks, and that all of these items be destroyed;

4. An order from this Court, upon final judgment in favor of Plaintiffs, that Defendants' acts be deemed willful and intentional;

5. An award of actual, statutory, multiple, and/or punitive damages, plus interest, and an accounting of and disgorgement of Defendants' profits, in an amount to be determined at trial but in no event less than $1,000,000;

6. An order from this Court, upon final judgment in favor of Plaintiffs, that Defendants be required to account to Plaintiffs for its profits and

**COMPLAINT**

1    the damages suffered by Plaintiffs as a result of the Defendants'

2    wrongful acts alleged herein;

3    7.    Attorney's fees as allowed by law and as allowed by statute; AND

4    8.    Prejudgment and postjudgment interest as allowed by law; AND

5    9.    Costs of suit herein incurred; AND

6    10.    Such other and further relief as the Court may deem just and proper.

Dated: October 25, 2010        SCHLICHTER & SHONACK, LLP

By: KURT A. SCHLICHTER
     STEVEN C. SHONACK
     MARY E. NEIFERT
Attorneys for Plaintiffs CarMax Auto
Superstores West Coast, Inc., CarMax
Auto Superstores California, LLC,
and CarMax Business Services, LLC

---

17

**COMPLAINT**

1

**<u>DEMAND FOR JURY TRIAL</u>**

2

3    Plaintiffs CarMax Auto Superstores West Coast, Inc., CarMax Auto

4 Superstores California, LLC, and CarMax Business Services, LLC, hereby

5 demand a trial by jury as to all claims triable by jury.

6

7 Dated: October 25, 2010                          SCHLICHTER & SHONACK, LLP

8

9                                                  _____

10                                                 By: KURT A. SCHLICHTER
                                                       STEVEN C. SHONACK
11                                                     MARY E. NEIFERT
                                                   Attorneys for Plaintiffs CarMax Auto
12                                                 Superstores West Coast, Inc., CarMax
13                                                 Auto Superstores California, LLC,
14                                                 and CarMax Business Services, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A



Int. Cl.: 42

Prior U.S. Cl.: 101

Reg. No. 1,941,353

## United States Patent and Trademark Office

Registered Dec. 12, 1995

### SERVICE MARK
### PRINCIPAL REGISTER

## CARMAX

CIRCUIT CITY STORES WEST COAST, INC. (CALIFORNIA CORPORATION)
SUITE 10-A
680 S. LEMON AVENUE
WALNUT, CA 91789 , BY ASSIGNMENT, AS-SIGNMENT, AND MERGER WITH ACME COMMERCIAL CORPORTION (VIRGINIA CORPORATION) GLEN ALLEN, VA 23060

FOR: RETAIL OUTLETS FEATURING AUTOMOBILES AND TRUCKS, IN CLASS 42 (U.S. CL. 101).

FIRST USE 9-22-1993; IN COMMERCE 9-22-1993.

SER. NO. 74-801,650, FILED 6-22-1993.

JAMES A. RAUEN, EXAMINING ATTORNEY

# Exhibit B



Int. Cl.: 42

Prior U.S. Cls.: 100 and 101

## United States Patent and Trademark Office

Reg. No. 1,959,875
Registered Mar. 5, 1996

### SERVICE MARK
### PRINCIPAL REGISTER



CIRCUIT CITY STORES WEST COAST, INC.
(CALIFORNIA CORPORATION)
680 SOUTH LEMON AVENUE
WALNUT, CA 91789

FOR: RETAIL OUTLETS FEATURING AUTOMOBILES AND TRUCKS, IN CLASS 42 (U.S. CLS. 100 AND 101).
FIRST USE 9-22-1993; IN COMMERCE 9-22-1993.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "AUTO SUPERSTORE", APART FROM THE MARK AS SHOWN.
THE MARK IS LINED FOR THE COLORS BLUE AND YELLOW WHICH ARE CLAIMED AS FEATURES OF THE MARK.

SER. NO. 74-585,543, FILED 10-14-1994.

KEVIN ELSE, EXAMINING ATTORNEY

# Exhibit C



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Aug 31 04:05:47 EDT 2010*

TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | PREV LIST | NEXT LIST | IMAGE LIST | BOTTOM
HELP

Logout | *Please logout when you are done to release system resources allocated for you.*

Start | List At: [____] OR Jump to record: [____]

## 30 Records(s) found (This page: 1 ~ 30)

Refine Search [(live)[LD] AND (carmax)[COMB]____] Submit

Current Search: S1: (live)[LD] AND (carmax)[COMB] docs: 30 occ: 91

| | Serial Number | Reg. Number | Word Mark | Check Status | Live/Dead |
|---|---|---|---|---|---|
| 1 | 78630196 | 3087576 | CARMAX CARES | TARR | LIVE |
| 2 | 78629252 | 3082848 | CARMAX FOUNDATION | TARR | LIVE |
| 3 | 78629249 | 3082847 | THE CARMAX FOUNDATION | TARR | LIVE |
| 4 | 78624982 | 3082766 | THE CARMAX FOUNDATION | TARR | LIVE |
| 5 | 78968826 | 3310023 | CARMAX HEALTH & WELLNESS | TARR | LIVE |
| 6 | 78259083 | 2881579 | CARMAX AUCTIONS PERKS | TARR | LIVE |
| 7 | 78259081 | 2881578 | CARMAX AUCTIONS PERKS | TARR | LIVE |
| 8 | 78443816 | 2981183 | CARMAX AUTO FINANCE | TARR | LIVE |
| 9 | 78423599 | 2951855 | CARMAX CERTIFIED VEHICLES | TARR | LIVE |
| 10 | 78421907 | 3044865 | THE CARMAX ADVANTAGE | TARR | LIVE |
| 11 | 78325756 | 2922919 | CARMAX.COM | TARR | LIVE |
| 12 | 77439129 | 3484868 | CARMAX | TARR | LIVE |
| 13 | 77400559 | 3504850 | CARMAX CAR BUYING CENTER | TARR | LIVE |
| 14 | 77188557 | 3362171 | CARMAX CARES | TARR | LIVE |
| 15 | 77075119 | 3394117 | CARMAX CAR BUYING CENTER | TARR | LIVE |
| 16 | 75499884 | 2323178 | CARMAX AUCTIONS | TARR | LIVE |
| 17 | 75380457 | 2301351 | CARMAX CERTIFIED QUALITY INSPECTION | TARR | LIVE |
| 18 | 75241434 | 2134379 | CARMAX SERVICE CENTER | TARR | LIVE |
| 19 | 75078562 | 2092728 | CARMAX | TARR | LIVE |
| 20 | 74585542 | 1963876 | CARMAX THE AUTO SUPERSTORE | TARR | LIVE |
| 21 | 74801650 | 1941353 | CARMAX | TARR | LIVE |
| 22 | 74585543 | 1959875 | CARMAX THE AUTO SUPERSTORE | TARR | LIVE |
| 23 | 74577384 | 1954468 | CARMAX | TARR | LIVE |
| 24 | 74577382 | 2001858 | CARMAX | TARR | LIVE |

| 25 | 74520003 | 1998608 | CARMAX THE AUTO SUPERSTORE | TARR | LIVE |
|----|----------|---------|----------------------------|------|------|
| 26 | 74520002 | 1929336 | CARMAX THE AUTO SUPERSTORE | TARR | LIVE |
| 27 | 74518323 | 1934822 | CARMAX THE AUTO SUPERSTORE | TARR | LIVE |
| 28 | 74518176 | 2000241 | CARMAX THE AUTO SUPERSTORE | TARR | LIVE |
| 29 | 74413398 | 1947856 | CARMAX | | TARR | LIVE |
| 30 | 74405483 | 2032449 | CARMAX | | TARR | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   PREV LIST   NEXT LIST   IMAGE LIST   TOP

HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

# Exhibit D

California Secretary of State D

**Business Entities (BE)**

Online Services
- **Business Search**
- **Disclosure Search**
- **E-File Statements**
- **Mail Processing Times**

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Annual/Biennial Statements**

**Filing Tips**

**Information Requests**
(certificates, copies &
status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- **Business Resources**
- **Tax Information**
- **Starting A Business**
- **International Business
  Relations Program**

**Customer Alert**
(misleading business
solicitations)

# Business Entity Detail

Data is updated weekly and is current as of Friday, May 28, 2010. It is not a complete or certified record of the entity.

| | |
|---|---|
| **Entity Name:** | AUTOMAX CORPORATION |
| **Entity Number:** | C3208436 |
| **Date Filed:** | 05/07/2009 |
| **Status:** | ACTIVE |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Address:** | 16211 LAKEWOOD BLVD |
| **Entity City, State, Zip:** | BELLFLOWER CA 90706 |
| **Agent for Service of Process:** | SHAHRAM EMAMI |
| **Agent Address:** | 16211 LAKEWOOD BLVD |
| **Agent City, State, Zip:** | BELLFLOWER CA 90706 |

\* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code **section 2114** for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search    New Search    Printer Friendly    Back to Search Results**

**Privacy Statement | Free Document Readers**

Copyright © 2010   California Secretary of State

# Exhibit E

AutoTrader.com - Printable Dealer Details
Case 2:10-cv-08097-PA -JEM   Document 1   Filed 10/27/10   Page 29 of 47   Page ID #:32

Page 1 of 2



Print this Page
Close

# Automax - CA

**16211 Lakewood Blvd, Bellflower, CA 90706**
**Contact Dealer at: 1-888-378-5450**







## Automax - CA

## Total Inventory: 24
- Used Cars: 24
- New Cars: 0
- Number of Makes: 13

## Financing

We offer financing to suit a variety of needs.
- Good Credit
- Bad Credit
- No Credit

## Amenities

For your comfort and pleasure, check out our amenities.
- Business Center
- Children's Play Area
- Comfortable Waiting Area
- Internet Access



## AUTOMAX

16211 Lakewood Blvd Bellflower, CA 90706
Phone: 1-888-378-5450  | Contact: Dave, Michael, Shawn  | Fax: (562) 634-0610

**Home      View Inventory      Search Inventory      Email Us      View Offers      Visit Our We**

### 2004 Jeep Grand Cherokee Overland




9 Photos

| Price | $10,988 |
|---|---|
| Miles | 76895 Miles |
| Stock | 1131 |

We understand that each pre-owned vehicle drives differently, so we encourage that all customers test drive our vehicles to ensure satisfaction. AutoMax is committed to providing the most accurate information possible on our inventory listed.INSTALLED FEATURES: Wood-Tone Accents, Front Air Conditioning, Front Air Conditioning Zones: Dual, Front Air Conditioning: Automatic Climate Control, Steering Wheel Trim: Leather and Wood, Center Console, Cruise Control, Includes Driver Seat, Keyless Entry, Power Steering, Steering Wheel Mounted Controls: Audio, Steering Wheel: Tilt-Only, Universal Garage Door Opener, ABS: 4-Wheel, Power, CD Changer, Cassette, Clock, In-Dash CD: Single Disc, Premium Brand: Infinity, Radio: AM/FM, Tachometer, Trip Computer, Exterior Entry Lights, Front Fog Lights, Headlights: Auto On/Off, 17 Inch Wheels, Rim Type: Chrome, Front Wipers: Intermittent, Front Wipers: Rain Sensing, Moonroof: Power, Power Windows, Privacy Glass, Rear Defogger, Rear Wiper, Roof Rack, Anti-Theft Alarm System, Exterior Mirrors: Auto-Dimming, Exterior Mirrors: Heated, Exterior Mirrors: Power, Front Airbags: Dual, Head Airbags: Front and Rear, Inside Rearview Mirror: Electrochromic, Power Door Locks, Front

### 2007 Honda Civic EX Coupe



9 Photos

| Price | $10,988 |
|---|---|
| Miles | 44464 Miles |
| Stock | 1133 |

FIRE SALES: PRICE REDUCED FOR FIRE-SALEINSTALLED FEATURES: Rear Spoiler, Adjustable Rear Headrests: Height Adjustable, Air Filtration, Cargo Area Light, Floor Mat Material: Carpet, Floor Mats: Front, Front Air Conditioning, Front Air Conditioning Zones: Single, Front Headrests: Height Adjustable, Number of Front Headrests: 2, Number of Rear Headrests: 3, Reading Lights: Front, Rear Floor Mats, Audio Controls On Steering Wheel, Center Console: Front Console With Storage, Cruise Control, Cupholders: Front and Rear, Door Pockets: Front, Front Power Outlet: 12V, Multi-Function Remote, Power Steering, Remote Trunk Release, Retained Accessory Power, Steering Wheel Mounted Controls: Cruise Controls, Steering Wheel: Tilt and Telescopic, Storage: Front Seatback, ABS: 4-Wheel, Front Wheel Drive, Electronic Brakeforce Distribution, Front Arm Type: Lower Control Arms, Front Spring Type: Coil Springs, Front Stabilizer Bar, Front Suspension Classification: Independent, Front Suspension Type: Macpherson Struts, Front Brake Diameter: 10.3, Front Brakes: Ventilated Disc, Rear Spring Type: Coil Springs, Rear Stabilizer Bar, Rear Suspension Classification: Independent, Rear Suspension Type: Double Wishbones,

### 2000 BMW Z3 2.8



9 Photos

| Price | |
|---|---|
| Miles | 8322 |
| Stock | |

FIRE SALES: PRICE REDUCED FC SALEINSTALLED FEATURES: Froi Conditioning, Shift Knob Trim: Leath Steering Wheel Trim: Leather, Cent Console, Cruise Control, Power Ste ABS: 4-Wheel, Limited Slip Differen Power, Stability Control, Traction Cc Cassette, Premium Brand: Harman-Radio: AM/FM, Tachometer, Front F Lights, Roof-Mounted Lights: , 16 In Wheels, Alloy Wheels, Front Wipers Intermittent, Power Windows, Exteri Mirrors: Power, Front Airbags: Dual, Door Locks, Side Airbags: Front, Fr Type: Bucket, Power Adjustments, Upholstery: Leather More info

Apply For Credit



**AUTOMAX** up to **$4,000** **(562) 634-0600**
**Downpayment Assistance**

Home

Inventory

Car Search

About Us

Contact Us

Credit App



## Browse Our Inventory

Take a look at our large selection of fine vehicles!

Display: [All Years ▼]  [All Makes ▼]  [All Models ▼]   Sort By: [Make: A - Z]

**60 vehicles found.   Page: 1 2 3 4 5 6**        Advanced Search



**2007 Audi A4 2.0T**
Grey                                Stock# 1135
4 Door Sedan                        VIN: WAUAF78E47A144261
Tiptronic                           FREE CARFAX Record Check
View Details | View 38 Photos       FREE AutoCheck VIN Check



**2005 BMW 325i**
Black Sapphire Metallic             Stock# 1139
4 Door Sedan                        VIN: WBAEV33405KX10161
Automatic                           FREE CARFAX Record Check
View Details | View 53 Photos       FREE AutoCheck VIN Check



**1998 BMW 740iL**
Orient Blue Metallic Pearl          Stock# 1124
4 Door Sedan                        VIN: WBAGJ8323WDM17361
Automatic                           FREE CARFAX Record Check
View Details | View 37 Photos       FREE AutoCheck VIN Check



**1998 BMW 740i**
Aspen Silver Metallic               Stock# 1169
4 Door Sedan                        VIN: WBAGF832XWDL56365
Automatic                           FREE CARFAX Record Check
View Details                        FREE AutoCheck VIN Check



**2000 BMW Z3 2.8**
Alpine White                        Stock# 1065
2 Door Convertible                  VIN: 4USCH3346YLF42295
5 Speed Manual                      FREE CARFAX Record Check
View Details | View 18 Photos       FREE AutoCheck VIN Check



**2000 Cadillac Seville STS**
Teal                                Stock# 1097
4 Door Sedan                        VIN: 1G6KY5492YU274282
Automatic                           FREE CARFAX Record Check
View Details | View 30 Photos       FREE AutoCheck VIN Check

**2002 Chevrolet Blazer LS**
Black                               Stock# 1189
2 Door SUV                          VIN: 1GNCS18W72K158792
Automatic                           FREE CARFAX Record Check
View Details                        FREE AutoCheck VIN Check

# Exhibit F

# Exhibit G



12800 Tuckahoe Creek Parkway, Richmond, Virginia 23238-1115
James W. Hess, Corporate Counsel
Phone (804) 935-6160
James_W_Hess@carmax.com

June 16, 2010

*Via Federal Express*

Michael F. Khounani, Principal
AutoMax Corp.
16211 Lakewood Blvd
Bellflower, CA 90706

     *Re:   Infringement of Rights in CarMax Intellectual Property*

Dear Mr. Khounani:

     I serve as counsel to CarMax Auto Superstores West Coast, Inc. ("CarMax"), a licensed motor vehicle dealer in California. As you know, CarMax purchases and sells new and used vehicles and provides auto-related services throughout the United States. It has come to our attention that your company recently changed its name to AutoMax, Corp. ("AutoMax") and is operating an automobile dealership at 16211 Lakewood Blvd in Bellflower, CA. The name "AutoMax", when combined with the style and color scheme of your logo and signage, borrow essential components of CarMax's trademarks and trade dress. This letter is sent to demand that you cease this infringing conduct.

     CarMax currently operates 101 used car superstores in 47 markets including 14 stores in California. All of CarMax's service marks are federally registered with the United States Patent and Trademark Office. CarMax enjoys exclusive rights to the service mark "CARMAX" and numerous variations thereof. Beginning in 1993, CarMax has advertised the various CARMAX service marks in television and radio commercials, print advertisements, on the Internet, and in brochures and signs posted at our stores. CarMax has devoted considerable resources to promote the CARMAX marks and our company has developed substantial goodwill in the marks.

     In evaluating trademark and/or trade dress infringement, the litmus test is the overall commercial impression made upon the reasonable consumer by the misappropriated service mark. The services AutoMax provides are similar to the services CarMax provides and, like CarMax, AutoMax retains the same "MAX" stem in describing its business. Further, AutoMax uses the blue, yellow and white color scheme of the CarMax trade dress in a fashion nearly identical to that of CarMax for signage and on the Internet. Specifically, AutoMax uses yellow lettering for the word auto and white lettering for the word max on a blue background. (See attached photos for a comparison of signs.) AutoMax's misappropriation will likely generate a high degree of confusion among consumers. It appears that this infringing use began as recently as March 2009 and that prior to that time the dealership -- including its supporting signage and other marketing materials -- operated under the name Lakewood Auto Sales. Based on the above

Michael F. Khounani, Principal
AutoMax Corp.
Page 2

violation of trademark law, we believe your infringement demonstrates an intent to enhance your business by closely mirroring CarMax's trademarks and/or trade dress.

Without prejudice to CarMax's rights to damages and other relief, we hereby demand that you immediately cease using the AutoMax name in combination with the color scheme discussed above in you store signage and on the Internet.  Please respond in writing as soon as possible, but **in any event no later than 5:00 p.m. EST, July 2, 2010**, with confirmation that AutoMax has complied with these demands.  If I do not receive such confirmation, CarMax may resort to other means of enforcing its rights.

Thank you for your immediate attention to this matter.  Please contact me if you have any questions.

Sincerely,

James W. Hess
Corporate Counsel

cc:      Shahram Emami, Registered Agent

# Exhibit H



12800 Tuckahoe Creek Parkway, Richmond, Virginia 23238-1115
James W. Hess, Corporate Counsel
Phone (804) 935-6160
James_W_Hess@carmax.com

July 29, 2010

*Via Federal Express*

Michael F. Khounani, Principal
AutoMax Corp.
16211 Lakewood Blvd
Bellflower, CA  90706

      *Re:    Infringement of Rights in CarMax Intellectual Property*

Dear Mr. Khounani:

      We have had no response from you since we put you on formal legal notice that you are violating CarMax's intellectual property rights. Attached is a copy of our letter dated June 16, 2010, which you received.

      As we previously stated, the name "AutoMax", when combined with the style and color scheme of your logo and signage, borrow essential components of CarMax's trademarks and trade dress. This has caused, and will continue to cause, immediate and irreparable harm to CarMax.

      Please respond to this letter in writing **no later than 5:00 EST on August 9, 2010**. Otherwise, CarMax reserves the right to pursue all legal and equitable remedies available to it.

Sincerely,

James W. Hess
Corporate Counsel

cc:    Shahram Emami, Registered Agent



12900 Tuckahoe Creek Parkway, Richmond, Virginia 23238-1115
James W. Hess, Corporate Counsel
Phone (804) 935-6160
James_W_Hess@carmax.com

June 16, 2010

*Via Federal Express*

Michael F. Khounani, Principal
AutoMax Corp.
16211 Lakewood Blvd
Bellflower, CA 90706

      **Re:**     *Infringement of Rights in CarMax Intellectual Property*

Dear Mr. Khounani:

      I serve as counsel to CarMax Auto Superstores West Coast, Inc. ("CarMax"), a licensed motor vehicle dealer in California. As you know, CarMax purchases and sells new and used vehicles and provides auto-related services throughout the United States. It has come to our attention that your company recently changed its name to AutoMax, Corp. ("AutoMax") and is operating an automobile dealership at 16211 Lakewood Blvd in Bellflower, CA. The name "AutoMax", when combined with the style and color scheme of your logo and signage, borrow essential components of CarMax's trademarks and trade dress. This letter is sent to demand that you cease this infringing conduct.

      CarMax currently operates 101 used car superstores in 47 markets including 14 stores in California. All of CarMax's service marks are federally registered with the United States Patent and Trademark Office. CarMax enjoys exclusive rights to the service mark "CARMAX" and numerous variations thereof. Beginning in 1993, CarMax has advertised the various CARMAX service marks in television and radio commercials, print advertisements, on the Internet, and in brochures and signs posted at our stores. CarMax has devoted considerable resources to promote the CARMAX marks and our company has developed substantial goodwill in the marks.

      In evaluating trademark and/or trade dress infringement, the litmus test is the overall commercial impression made upon the reasonable consumer by the misappropriated service mark. The services AutoMax provides are similar to the services CarMax provides and, like CarMax, AutoMax retains the same "MAX" stem in describing its business. Further, AutoMax uses the blue, yellow and white color scheme of the CarMax trade dress in a fashion nearly identical to that of CarMax for signage and on the Internet. Specifically, AutoMax uses yellow lettering for the word auto and white lettering for the word max on a blue background. (See attached photos for a comparison of signs.) AutoMax's misappropriation will likely generate a high degree of confusion among consumers. It appears that this infringing use began as recently as March 2009 and that prior to that time the dealership -- including its supporting signage and other marketing materials -- operated under the name Lakewood Auto Sales. Based on the above

Michael F. Khounani, Principal
AutoMax Corp.
Page 2

violation of trademark law, we believe your infringement demonstrates an intent to enhance your business by closely mirroring CarMax's trademarks and/or trade dress.

Without prejudice to CarMax's rights to damages and other relief, we hereby demand that you immediately cease using the AutoMax name in combination with the color scheme discussed above in you store signage and on the Internet. Please respond in writing as soon as possible, but **in any event no later than 5:00 p.m. EST, July 2, 2010**, with confirmation that AutoMax has complied with these demands. If I do not receive such confirmation, CarMax may resort to other means of enforcing its rights.

Thank you for your immediate attention to this matter. Please contact me if you have any questions.

Sincerely,

James W. Hess
Corporate Counsel

cc:    Shahram Emami, Registered Agent

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## CV10- 8097 PA (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** <br> 312 N. Spring St., Rm. G-8 <br> Los Angeles, CA 90012 | [ ] **Southern Division** <br> 411 West Fourth St., Rm. 1-053 <br> Santa Ana, CA 92701-4516 | [ ] **Eastern Division** <br> 3470 Twelfth St., Rm. 134 <br> Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
SCHLICHTER & SHONACK, LLP
KURT ANDREW SCHLICHTER (CA SBN 172385)
3601 Aviation Boulevard, Suite 2700
Manhattan Beach, CA 90266
Telephone: (310) 643-0111

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CarMax Auto Superstores West Coast, Inc., a California Corporation See Attached PLAINTIFF(S) v. | CASE NUMBER<br><br>PA (JEMx) |
| AutoMax Corporation, a California corporation, and Michael F. Khounani, an individual,<br><br>DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S): <u>AutoMax Corporation, a California corporation, and</u>
<u>Michael F. Khounani, an individual</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Kurt Andrew Schlichter</u> , whose address is <u>Schlichter & Shonack, LLP, 3601 Aviation Blvd. Ste. 2700, Manhattan Beach, CA 90266</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: OCT 27

By: _____
**CHRISTOPHER POWERS**
Deputy Clerk

*SEAL*

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

FILED

SCHLICHTER & SHONACK, LLP
KURT ANDREW SCHLICHTER (CA SBN 172385)
STEVEN C. SHONACK (CA SBN 173395)
MARY E. NEIFERT (CA SBN 237062)
3601 Aviation Boulevard, Suite 2700
Manhattan Beach, CA 90266
Telephone: (310) 643-0111
Fax: (310) 643-1638
kas@sandsattorneys.com

10 OCT 27  PM 3: 03

CLERK U S DISTRICT COURT
CENTRAL DIST. OF CALIF.
L. S ANGELES

BY:_____

Attorneys for Plaintiffs CarMax Auto
Superstores West Coast, Inc., CarMax
Auto Superstores California, LLC,
and CarMax Business Services, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA –

## WESTERN DIVISION

| | |
|---|---|
| CARMAX AUTO SUPERSTORES WEST COAST, INC., a California corporation, CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, a Virginia corporation, and CARMAX BUSINESS SERVICES LLC, a Delaware limited liability company,<br><br>                Plaintiffs,<br><br>        v.<br><br>AUTOMAX CORPORATION, a California corporation, and MICHAEL F. KHOUNANI, an individual,<br><br>                Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES:<br><br>1.  TRADEMARK INFRINGEMENT;<br>2.  TRADE DRESS INFRINGEMENT;<br>3.  FEDERAL TRADEMARK DILUTION;<br>4.  UNFAIR COMPETITION<br><br>DEMAND FOR TRIAL BY JURY |

1

**COMPLAINT**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CARMAX AUTO SUPERSTORES WEST COAST, INC.
CARMAX AUTO SUPERSTORES CALIFORNIA, LLC
CARMAX BUSINESS SERVICES, LLC

**DEFENDANTS**
AUTOMAX CORPORATION
MICHAEL F. KHOUNANI

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Kurt Andrew Schlichter, Esq., Schlichter & Shonack, LLP, 3601 Aviation Blvd., Suite 2700, Manhattan Beach, CA 90266, Tel. (310) 643-0111

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☑ MONEY DEMANDED IN COMPLAINT: $ 1,000,000.00

---

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Lanham Act, 15 U.S.C. Sections 1051 et seq. Trademark and trade dress infringement, trademark dilution, unfair competition

---

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | | | |
| | ☐ 290 All Other Real Property | | | | |

---

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s) _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s) _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | CarMax Auto Superstores West Coast, Inc. (Virginia) <br> CarMax Auto Superstores California, LLC (Virginia) <br> CarMax Business Services, LLC (Virginia) |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| AutoMax Corporation (Los Angeles County) <br> Michael F. Khounani (Los Angeles County) | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X   SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   10/25/10

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |