SCHLICHTER & SHONACK, LLP
KURT ANDREW SCHLICHTER (CA SBN 172385)    JS-6
STEVEN C. SHONACK (CA SBN 173395)
3601 Aviation Boulevard, Suite 2700
Manhattan Beach, CA 90266
Telephone: (310) 643-0111
Fax: (310) 643-1638
kas@sandsattorneys.com

Attorneys for Plaintiffs CarMax Auto
Superstores West Coast, Inc., CarMax
Auto Superstores California, LLC,
and CarMax Business Services, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA –

# WESTERN DIVISION

| | |
|---|---|
| CARMAX AUTO SUPERSTORES WEST COAST, INC., a California corporation,<br>CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, a Virginia corporation, and<br>CARMAX BUSINESS SERVICES LLC, a Delaware limited liability company,<br><br>      Plaintiffs,<br><br>      v.<br><br>AUTOMAX CORPORATION, a California corporation, and MICHAEL F. KHOUNANI, an individual,<br><br>      Defendants. | Case No. CV10-8097 PA (JEMx)<br>Complaint filed:  October 27, 2010<br><br>**CONSENT DECREE AND ORDER FOR INJUNCTION AND OTHER RELIEF**<br><br>**NOTE: CHANGES MADE BY THE COURT** |

1

**CONSENT DECREE AND ORDER FOR INJUNCTION AND OTHER RELIEF**

Whereas plaintiffs CARMAX AUTO SUPERSTORES WEST COAST, INC., CARMAX AUTO SUPERSTORES CALIFORNIA, LLC and CARMAX BUSINESS SERVICES, LLC (collectively "CARMAX" or "plaintiffs") have commenced this action against defendants AUTOMAX CORPORATION ("AUTOMAX") and MICHAEL F. KHOUNANI ("KHOUNANI") (collectively "defendants") by filing the complaint herein; the plaintiffs and defendants (collectively "the parties") have been represented by counsel whose names appear hereafter; and the parties have agreed to settlement of this action upon the following terms and conditions:

NOW, THEREFORE, on the joint motion of plaintiffs and defendants, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. This is an action for trademark infringement, trademark dilution, trade dress infringement, and unfair competition arising under the Lanham Act, 15 U.S.C. §§ 1051 et seq.

2. This Court has jurisdiction over this subject matter and of the parties pursuant to 28 U.S.C. § 1338(a), 28 U.S.C. § 1338(b), 15 U.S.C. § 1121, 15 U.S.C. ch. 22, 28 U.S.C. § 1331, 28 U.S.C. § 1391.

3. Defendants have entered into this Consent Decree and Order for Injunction and Other Relief ("Order") freely and without coercion and consent to its entry. Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them.

4. This Order shall be binding upon defendants and any successors to any interest in any automobile dealerships or automobile service centers owned by them or any other business involved in the sales or servicing of automobiles, automobile parts or automobile-related services.

///

///

**CONSENT DECREE AND ORDER FOR INJUNCTION AND OTHER RELIEF**

## INJUNCTION

5. IT IS ORDERED that defendants, and their officers, agents, representatives, and employees, and all persons in active concert or participation with them, are hereby enjoined, directly or through any corporation, subsidiary, division, website, or other device from: Using a CarMax Trademark or Trade Dress, including without limitation, a blue, yellow, and white color scheme, dashed underlining, and/or the capitalization structure used by CARMAX, or confusingly similar variations thereof, in connection with the advertising, offering for sale, sale, lease, trade, distribution, or service of automobiles, trucks, or other wheeled vehicles, and auction services related thereto or any other goods or services substantially similar to those of CARMAX, including without limitation sales of and auction services related to used vehicles.

## PAYMENT OF SETTLEMENT FUNDS

6. IT IS FURTHER ORDERED that defendants, jointly and severally, shall pay to plaintiffs the sum of Ten Thousand and 00/100 Dollars ($10,000) in exchange for CARMAX dismissing the Action without prejudice. The $10,000 payment shall be made in twenty (20) monthly installments of $500.00. Each $500.00 installment is due on the 1st day of the calendar month, except as to the first month where the first payment shall be due within 15 days upon execution of the Agreement, whichever is sooner. All installment payments shall be made payable to "CarMax Auto Superstores California, LLC", TIN ████8059, and mailed directly to CarMax, c/o Kristine Rice, 12800 Tuckahoe Creek Parkway, Richmond, VA 23238.

7. In the event of any default payment, which default continues for ten (10) days beyond the due date of payment, the entire unpaid penalty, together with 10% interest (accrued from the date of default) shall become due and payable.

## RETENTION OF JURISDICTION & ENFORCEMENT

8. ~~The parties expressly agree that the Court shall retain jurisdiction and authority to enforce this Order, even after dismissal with prejudice.~~

9. Defendants expressly agree that, in the event defendants either violate the injunction set forth in paragraph 5 herein, or default on a payment due plaintiffs pursuant to paragraph 6 herein, which default continues for ten (10) days beyond the due date of payment, defendants shall pay plaintiffs:

    a) 10% (ten percent) interest on any outstanding amount due under paragraph 6 herein from the date of default; and

    b) Reasonable attorneys' fees and costs incurred by plaintiffs in any proceeding to enforce this Order as set forth herein; and

    c) Any damages incurred by plaintiffs due to a violation by defendants of the injunction set forth in paragraph 5 herein.

10. Defendants expressly waive any right they may have to appeal or seek review of or otherwise challenge this Order or its enforcement. Defendants further agree they will not contest plaintiffs' right to any payment or money judgment sought by plaintiffs to enforce their rights to any payment or money judgment under this Order as set forth herein.

11. In the event defendants violate or fail to comply with this Order in any way, defendants agree that the Declaration of an employee of Schlichter & Shonack, LLP shall be sufficient to establish the exact sum due and owing pursuant to this Order, in accordance with the terms set forth herein, including for 10% interest from the date of default, any amount in damages incurred from breach of

1  the injunction, and for reasonable attorneys fees and costs as discussed in
2  paragraph 9 above.
3      **JUDGMENT IS THEREFORE ENTERED** in favor of plaintiffs and
4  against defendants, pursuant to all the terms and conditions recited above.

7  Dated:  September 13, 2011

                                                Percy Anderson
                                                U.S. District Judge

1  The parties hereby consent to the terms and conditions of the Order as set
2  forth above and consent to the entry thereof.
3
4  For Defendants:
5
6  Dated: _____, 2011
7                                             _____
                                               AUTOMAX CORPORATION
8                                              By:   Michael F. Khounani
9
10
11 Dated: _____, 2011
                                               _____
12                                             Michael F. Khounani
13
14 For Plaintiffs:
15
16
17 Dated: _____, 2011
                                               _____
18                                             CARMAX AUTO SUPERSTORES
                                               WEST COAST, INC.
19                                             CARMAX AUTO SUPERSTORES
20                                             CALIFORNIA, LLC
                                               CARMAX BUSINESS SERVICES,
21                                             LLC
22                                             By:   _____
23
24 ///
25 ///
26 ///
27 ///
28 ///

6
**CONSENT DECREE AND ORDER FOR INJUNCTION AND OTHER RELIEF**

APPROVED AS TO CONTENT AND FORM:

Dated: _____, 2011	SCHLICHTER & SHONACK, LLP

    /s/ - Kurt A. Schlichter
By: KURT A. SCHLICHTER
     STEVEN C. SHONACK
Attorneys for Plaintiffs CarMax Auto Superstores West Coast, Inc., CarMax Auto Superstores California, LLC, and CarMax Business Services, LLC

Dated: _____, 2011	LAW OFFICES OF JEFFREY T. OSBORN

_____
Attorney for Defendants AutoMax Corporation and Michael F. Khounani